UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL HENREID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CV249 HEA |
| ) | |
| KODNER WATKINS LC, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint, [Doc. No. 28]. Plaintiff has filed a response to the Motion, to which Defendants have filed a reply. For the reasons set forth below, the Court will grant the motion to dismiss.

Facts and Background[1]

While not a model of clarity, Plaintiff's Amended Complaint alleges the following: Pursuant to a written agreement, Plaintiff hired Defendant law firm Kodner Watkins LC and Defendant attorneys Albert Watkins and Michael Schwade in January 2018 solely for an expungement of one count from Section 565 of the

---

[1] The recitation of facts is set forth for the sole purpose of this Opinion. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Missouri Revised Statutes pursuant to Mo.Rev.Stat. § 610.140. Plaintiff paid Defendants $5,000 for securing the expungement.

After hiring Defendants for expungement, Defendant Schwade called Plaintiff and requested permission to communicate with the attorneys for Governor Greitens regarding clemency. Plaintiff told Schwade not to do anything that would adversely affect him or the petition for expungement. Defendant Schwade concealed the true intent of the defendants during the telephone conversation. He knew their intent was to create a fake news story connecting Plaintiff to Governor Greitens. They intended to disseminate the news story nationally via the St. Louis Post Dispatch and Associated Press. The news story was disseminated.

Defendants knew the natural and foreseeable consequence of such press conferences and media their client would end up on the World Wide Web (the internet) permanently. Defendants were attempting to conceal their intent during the telephone conversation under the guise of communicating with the Governor's lawyers about clemency.

Defendants held press conferences about their client and fabricated fake news about their client seeking Executive Clemency knowing they were not hired to seek clemency. Defendants spread fake news stories connecting their client to then Missouri Governor Greitens and held de facto press conferences in some type of media blitz on or around May 2018 that resulted in more nationwide,

permanently bad internet articles about the plaintiff than ever before. The fake news connected Plaintiff to then Governor Greitens, who was charged with invasion of privacy by the St. Louis Circuit Attorney. Greitens apparently made the same argument to dismiss that Plaintiff made decades before. As a direct result of "these attorneys backstabbing their own client," internet search engines stated the opposite of the government record and the fake news story stating their plaintiff was convicted of dismissed charges and falsely stating Plaintiff was charged with the serious crime child abuse which was never alleged nor occurred.

    Plaintiff alleges Defendants created false news knowing it was false and knowing it violated their ethical duties of loyalty and confidentiality. The fake news makes statements of alleged fact about matters Defendants know they could not know about from a criminal case almost three decades ago that has been statutorily "closed and confidential" for decades. Despite knowing they knew nothing about the facts of the underlying case or anyone involved, Defendants held press conferences to disclose confidential attorney-client privileged communications and documents. They fabricated statements that appear as admissions that make the client look guilty of charges dismissed almost three decades ago that are statutorily closed and confidential. Defendants knew the false news of their client committing child abuse and child pornography would be permanent on the internet. Defendants knew readers would believe the fake news.

3

Defendants unlawfully disclosed incriminating facts to the press. Plaintiff further alleges Defendants gave records that were no longer public to the press. Many of the statements made to the press were not in the public record, and the defendants could not have known about incriminating statements they made. None of the documents would have been public record after the expungement.

Yahoo's internet search engine result also falsely stated the plaintiff was convicted of the dismissed charges the defendants resurrected in their fake news media blitz.

Plaintiff claims as a result of Defendants' actions, he has spent tens of thousands of dollars fighting to remedy the problems caused by the fake news, lies, and media blitz Defendants fabricated in 2018.

Plaintiff changed one letter of his surname in 2005 to protect his privacy on the internet; Defendants revealed this in their 2018 media blitz, defeating the purpose of the name change.

On or around March 2023, Defendant Watkins provided the press potentially inflammatory selections from attorney-client privileged communications to adversely impact his former client and prejudice the jury pool.

The Amended Complaint contains the following counts: breach of fiduciary duty/constructive fraud, (Count I); negligence, (Count II); fraud, (Count III); intentional infliction of emotional distress, (Count IV).

4

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(1), and 12(b)(6).

Discussion

Rule 8(a)(2) provides "[a] pleading that states a claim for relief must contain:… (2) a short and plain statement of the claim showing that the pleader is entitled to relief… To satisfy Rule 9(b), the party alleging fraud "must typically identify the 'who, what, where, when, and how' of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *United States ex rel. Costner v. URS Consultants, Inc.,* 317 F.3d 883, 888 (8th Cir. 2003)). The primary purpose of this particularity requirement is to "facilitate a defendant's ability to respond and to prepare a defense to charges of fraud." *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are

5

merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co*., 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal*, 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab., Inc*., 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not

6

contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Id*. (citations omitted)).

Plaintiff's Amended Complaint is neither "short and plain," nor does it set forth fraud with particularity. As Defendants correctly observe, it is replete with conclusory, legal conclusions and *ad hominem* attacks on his former attorneys. Plaintiff also sets out sarcastic, rhetorical questions which lend nothing to his attempts to state plausible claims.

It appears Plaintiff is alleging statements to the press disclosed confidential information, however, Plaintiff also appears to claim that the fraud and breach of fiduciary duty was Defendant Watkins statements to the press that Plaintiff was pursuing clemency when Plaintiff was actually seeking an expungement of his criminal record. There is no clear distinction between what Plaintiff claims is actually the breach of fiduciary duty/constructive fraud and the alleged actions Defendants took.

Moreover, Plaintiff lumps all defendants into his allegations in attempting to allege fraud, negligence, and intentional infliction of emotional distress. He fails to identify the actions each defendant took with respect to each charge against the "defendants."

Regarding the "who, what, where, when, and how" factors required for claims of fraud, Plaintiff merely states that in "May 2018" "defendants" created

7

"fake news" knowing that it would harm Plaintiff's reputation. This is not enough to satisfy the particularity requirements of Rule 9.

Likewise, Plaintiff alleges the events giving rise to his claims occurred in 2018 and the *effect* of the actions are still affecting him to date. Plaintiff does not connect how Defendants are continuing to commit fraud. Merely wishing something is and saying something is doesn't necessarily make it so.

## Conclusion

Plaintiff's Amended Complaint is confusing, repetitive, conclusory, speculative and fails to satisfy the requirements of Rules 8, 9, 12(b)(1), and 12(b)(6), and as such, must be dismissed. Plaintiff may seek leave of Court to file a Second Amended Complaint within 7 days.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No. 28], is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is given 7 days to file a Motion to Amend with an attached amended complaint.

Dated this 14th day of June, 2024.

_____

HENRY EDWARD AUTREY<br>UNITED STATES DISTRICT JUDGE