UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PAUL HENREID,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        Case No. 4:23-CV-249-ZMB
                                           )
KODNER WATKINS LC, et al.,                 )
                                           )
            Defendants.                    )

## ORDER

Before the Court is Defendants' motion to compel Plaintiff Paul Henreid to fulfill various discovery obligations and for sanctions as a result of his previous deficiencies. Doc. 98. For the reasons stated, the Court grants the motion to compel Henreid to appear for a deposition and sanctions Henreid $1,775 for his failure to appear at his original deposition. The Court will consider the remaining discovery disputes and all other sanction issues at the status hearing on March 17, 2026.

## BACKGROUND

The facts underlying Henreid's lawsuit against his former lawyers are detailed in this Court's previous Opinion, Memorandum, and Order. Doc. 57 at 1–5. After resolution of Defendants' motion to dismiss, the Court set a deadline of June 25, 2025, to "make all disclosures required by Rule 26(a)(1)" and also set discovery to close on March 31, 2026. *See* Doc. 70 at 2.

Until Defendants filed a Rule 35 motion to compel a mental examination of Henreid, Doc. 75, the Court was unaware of any discovery disputes. It has become clear since then just how many problems there have been concerning discovery. At this point, without the Court's intervention, there is little chance the parties will complete discovery in time for the August 2026 trial setting— let alone the March 31 discovery deadline, which the Court does not intend to move. *See* Doc. 91. The remainder of this section details the discovery issues to date.

In April and June of last year, Henreid sent opposing counsel a number of documents filed in an unrelated California lawsuit—ostensibly in compliance with "discovery disclosure[s]"—but he failed to explain how they were compliant with Rule 26(a). Doc. 99 at 2–3. Henreid made other piecemeal Rule 26(a) "disclosures" from July to September, including "an 'outline' of his 'Rule 26(f)' disclosures," receipts from therapy sessions, and additional documents from his California lawsuit. *Id.* at 3–4. But despite an assurance to provide a "single document" with the disclosures within 10 days, Henreid never filed any such document. *Id.* at 4. Instead, Henreid forwarded documents relating to the calculation of damages. *Id.* at 4–5.

Starting in December, Defendants attempted to schedule Henreid's deposition. *Id.* at 5. At first, Defendants indicated a willingness to hold the deposition in an office near Henreid's hometown of Lawton, Oklahoma. Doc. 100-9 at 7. Henreid rejected that offer and told opposing counsel he "would have to either conduct a deposition via videoconference or at [his] residence." *Id.* at 6. Counsel noted the presumption that he could notice the deposition for St. Louis but told Henreid he would be willing to take the deposition in Oklahoma City, Oklahoma. *Id.* at 5. Henreid refused the request. *Id.* at 3. In January, Defendants served Henreid with notice of an in-person deposition to be held in St. Louis the day before the Court's scheduled in-person hearing. *Id.* at 2. Simultaneously, Defendants served their first set of interrogatories and requests for production. Doc. 99 at 6. Both sides reached an impasse as to some of the requested documentation, and Henreid failed to timely complete the remaining written discovery requests. *Id.* at 7. Nevertheless, Defendants agreed to allow Henreid to complete the written discovery by March 2, but Henreid produced only more documents related to the California litigation. *Id.* at 8.

Henreid failed to appear for his scheduled deposition on February 26, and Defendants made a record of his nonappearance. *Id.* The failed deposition resulted in Defendants expending more

than $1,500 in attorney fees and $275 for a court reporter. *Id.* That same day, after business hours, Henreid informed the Court he would not attend the hearing the next day, attaching some documents related to his other litigation. Doc. 95. That same day, the Court informed Henreid that attendance was mandatory, Doc. 96, but he still failed to appear, Doc. 97. At that hearing, Defendants briefly summarized the discovery difficulties to date, including the missed deposition, incomplete initial disclosures, and outstanding written discovery. On March 2, Henreid answered the interrogatories in a haphazard fashion, and failed to make a response to the request for production. Doc. 99 at 8–9.

Because of these failures, Defendants moved to compel Henreid to make his Rule 26(a) initial disclosures, adequately respond to the requests for production, provide answers to the interrogatories consistent with Rule 33, and timely appear for his deposition. Doc. 98 at 1. Defendants also moved for sanctions under Rule 37(d) for the attorney fees and costs related to his nonappearance at the first noticed deposition, as well as dismissal with prejudice under both Rules 37(d) and 41(b). *Id.* Henreid filed as a single document a motion to disqualify the undersigned and a response to Defendants' motion. Doc. 101. The Court denied the motion to disqualify, Doc. 102, and allowed Henreid to file a more fulsome response to Defendants' motion, Doc. 103. Henreid took that opportunity, Doc. 105, and Defendants replied, Doc. 107.

## DISCUSSION

Although the Court will defer ruling on most of the discovery disputes until the March 17 hearing, there is no dispute that Henreid failed to appear for his deposition, and addressing that issue now will help ensure this case stays on track. Specifically, the Court orders Henreid to appear at a deposition no later than March 25, 2026, and sanctions him for wasting Defendants' resources through his nonappearance.

The Court may order sanctions when "a party . . . fails, after being served with proper notice, to appear for [their] deposition." FED. R. CIV. P. 37(d)(1)(A)(i); *see also id.* 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Generally, a "district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing FED. R. CIV. P. 37). That discretion narrows, however, as the remedy elected becomes more drastic. *Id.* The Federal Rules of Civil Procedure list a number of remedies the Court may impose, including payment of reasonable expenses, instruction to the jury of the party's failure, staying the proceedings, striking the pleadings, dismissing an action completely, or entering default judgment. FED. R. CIV. P. 37(b)(2)(A)(i)–(vii), (d)(3).

As an initial matter, the Court orders Henreid to attend his deposition. A party is required to attend a deposition when given reasonable notice of the time and place of the deposition. FED. R. CIV. P. 30(b)(1), 37(d)(1)(A)(i). Henreid has no excuse for failing to appear. The record makes clear that the parties have attempted to find a resolution. But with the close of discovery looming, Defendants served Henreid a notice of deposition a month before the scheduled time. Doc. 100-13 at 2. Still, counsel left open the possibility of alternative dates. *Id.* The designation for his deposition was in St. Louis and in person. Doc. 100-13 at 14–15. Although Henreid did not like that setting, *see* Doc. 105 at 2, he failed to avail himself of his possible remedies. He never moved the Court for the deposition to be taken remotely. FED. R. CIV. P. 30(b)(4). Nor did he seek a protective order for an alternative location. *Id.* 26(c)(1)(B). His failure to even attempt to pursue those remedies indicates that his objection to the location of his deposition was not made in good faith. More importantly, he is simply wrong that "[Defendants] have never accepted [his] offers to

4

conduct a deposition in Oklahoma."[1] Doc. 105 at 2. His refusal to take advantage of that offer suggests that he is trying to avoid the deposition—an effort this Court will not abide. *See* Doc. 100-9 at 2 (describing the deposition as a "waste [of] time"); *id.* at 6–7. Henreid's filibuster must cease; if he wants this case to continue, he will sit for the deposition no later than March 25, 2026.

In light of the ruling on the motion to compel, Defendants are entitled to reasonable expenses caused by Henreid's failure to appear at his deposition. The Court generally has wide discretion to impose sanctions. *Wegener*, 527 F.3d at 692. But when a party fails to appear for his or her own deposition, "the court must require the party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* 37(d)(3). In his responses, Henreid fails to articulate any reason why such an award is unwarranted. *See* Docs. 101, 105. As outlined above, there is no substantially justified reason for his refusal to appear. And while the Court remains sympathetic to Henreid's financial situation, that does not make the relatively modest proposed monetary sanction unjust. Instead, it would be unjust to Defendants to force them to lose the resources expended on trying in vain to complete Henreid's deposition and end discovery. A fee of $1,500 for at least 12 hours of legal work in preparation of the deposition is reasonable, *see* Doc. 100 ¶ 30, and Henreid did not object to that calculation. Further, documentation supports that Defendants spent $275 on a court reporter, *See id* ¶ 29, Doc. 100-17, meaning the fees assessed should be $1,775.

As for the motion to compel Rule 26(a) initial disclosures, that is denied at this time. While Defendants are permitted to make this request because Henreid apparently "fail[ed] to make a

---

[1] Defendants indicated on December 1, 2025, that they were willing to have the deposition in Lawton, Oklahoma. *See* Doc. 100-9 at 7. Henreid refused because he did not like the location—an office building—and wanted instead to have a videoconference deposition or to have it at his house. *Id.* at 6. And even after that initial offer, Defendants indicated a willingness to conduct the deposition in Oklahoma City.

disclosure required by Rule 26(a)," FED. R. CIV. P. 37(a)(3), the Court believes the present motion is unnecessary. At the February 27 hearing, Defendants indicated that they were attempting to resolve issues regarding initial disclosures through written discovery. If that has been done successfully, it would moot any need for a motion to compel. Further, in response to these requests, Henreid stated that he "do[es] not understand what [counsel] think[s]" he failed to disclose. Doc. 100-4 at 2. That position may be a product of Defendants not being clear what specific information they believe is being withheld, which the Court was unable to identify from their attachments. Thus, in order to clarify the issues for the upcoming conference, the Court will permit Defendants to file, no later than March 16, 2026, an outline of what specific information or documents they believe still needs to be disclosed under Rule 26(a) that are not otherwise addressed in their written discovery requests. At the March 17 hearing, the Court will take up the issue of Rule 26(a) disclosures if necessary.

\*    \*    \*

The Court is heartened that Henreid plans on attending the final status conference. *See* Doc. 105 at 1. As such, the Court will provide some clarity as to what all parties should come prepared to discuss, which includes: (1) Defendants' Motion for Examination, Doc. 75; (2) any remaining issues related to Defendants' motion to prohibit Henreid from designating any future experts, Doc. 80; (3) any issue relating to Rule 26(a) initial disclosures (but only if Defendants file a notice); (4) any issues related to the objections and responses to Rule 33 interrogatories; (5) any issues related to the failure to answer Defendants' request for production pursuant to Rule 34; and (6) any possible sanctions under Rule 37(d) or Rule 41(b), including possibly staying the action until Henreid pays the sanction.

6

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** Defendants' [98] motion and orders Plaintiff Paul Henreid to sit for a deposition no later than March 25, 2026, and pay $1,775 to Defendants for his non-appearance at his deposition. The Court also **DENIES IN PART** Defendants' [98] motion to compel Rule 26(a) disclosures without prejudice. The Court will take up the remaining issues with Defendants' motion, as well as other matters outlined in this order, at the hearing set for March 17, 2026.

So ordered this 12th day of March 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE