UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL HENREID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-249-ZMB |
| | ) | |
| KODNER WATKINS LC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Plaintiff Paul Henreid's Motion to Amend or Alter Judgment, Doc. 122, in response to this Court's Order of Dismissal, Doc. 121. Because Henreid fails to show any manifest error of law or fact exist in this Court's prior order or to present newly discovered evidence, his motion is denied.

Federal Rule of Civil Procedure 59(e) allows a plaintiff to file a motion to alter or amend a judgment within twenty-eight days of entry of final judgment. To succeed on a Rule 59(e) motion, a plaintiff must show "manifest errors of law or fact" or "present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation omitted). While a movant may present newly discovered evidence, the movant may not introduce new evidence into the record, propose new legal theories, or raise arguments that may have been made prior to submission of final judgment. *Id*. (quotation omitted). Finally, the Court has broad discretion in deciding whether to grant a motion to amend or alter judgement. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988).

Henreid makes four distinct arguments in support of his motion. First, he argues that dismissal violates his Seventh Amendment right to a jury trial and his First Amendment Petition

Clause rights. Doc. 122 at 3. Second, he suggests that the Court should rescind its prior imposition of monetary sanctions because of financial hardship caused by the "deep state cabal." *Id*.; *see* Doc. 110. Third, Henreid argues that any dismissal should be without prejudice to avoid appeal and allow for a hypothetical refiling in state court. Doc. 122 at 5. Finally, Henreid contends that he sufficiently showed a willingness to prosecute his case because he "timely filed the lawsuit and timely briefed all the substantial pre-trial motion practice for three years and stated he was and still is ready for trial." *Id*. at 7.

What is left unaddressed, however, is how this Court's prior order of dismissal exhibits any "manifest errors of law or fact." Instead, much of Henreid's motion is spent denouncing the "deep state cabal that is the real-party-in-interest changing the rules of the game to cheat." *Id*. at 5. In training his focus on that grievance, Henreid failed to challenge the Court's application of Rules 37(d), 37(b), and 41(b)—each of which provide an independent basis to impose sanctions. *See* Doc. 121 at 2–4. The factual background provided within the Court's order, Doc. 121 at 1–2, was also left unchallenged.

Likewise, Henreid identifies no newly discovered evidence. When relying on this basis to alter a judgment, a movant must show the following: (1) the evidence was discovered after the final judgment was issued; (2) the movant exercised due diligence in attempting to discover the evidence before the final judgment; (3) the evidence is material, not simply cumulative or impeaching; and (4) the newly presented evidence would likely produce a different result. *U.S. v. Metro. St. Louis Sewer Dist*., 440 F.3d at 933 (citation omitted). While Henreid's motion appears to present new evidence that the "Deep-Staters infiltrated Bank of America to delay the delivery of plaintiff's credit card that would have paid for gas to travel eleven hours to Saint Louis," Doc. 122 at 3, 11–12, he does not even attempt to satisfy the required elements. As such, even if the

Court were to credit this fantastical allegation, Henreid fails to demonstrate that it is a sufficient basis to alter the Order of Dismissal.

Henreid had a right to bring his claim, but he also had a duty to follow the Rules of Procedure and the orders of the Court. His case was dismissed as a direct result of his repeated dereliction of that duty. Doc. 121 at 4. Henreid makes no argument in the present motion that the Court's prior order exhibited any manifest error of fact or law, nor does he meet his burden in presenting newly discovered evidence that may have changed the Court's prior judgment.

Accordingly, the Court **DENIES** Plaintiff Paul Henreid 's [122] Motion to Alter or Amend Judgment Under Rule 59(e).

So ordered this 7th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

3